**RECEIVED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**JAN 1 7 2008**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 04-786 (WJM) |
| vs. ) | |
| ) | **MOTION FOR RETURN OF PROPERTY SEIZED** |
| Jeremy Zielinski ) | |
| ) | |

The Defendant moves this Court for an order directing the United States Government and the United States Secret Service to return to the defendant numerous items of personal property that were seized from his apartment at the time the United States Secret Service raided his apartment pursuant to a United States Magistrate Judge's Search Warrant.  In support it is alleged as follows:

1.  On October 28, 2004, members of the United States Secret Service raided the defendant's apartment, 548 Sabal Lake Drive, Apartment 102, Longwood FL 32779, and seized personal property that belongs to the defendant and was not proceeds of crime, more particularly described in **Attachment A,** hereinafter "the property."

2.  The property was seized to be used as evidence against the defendant in a criminal proceeding.

3.  On June 28, 2006 the defendant plead guilty to a criminal charge and was sentenced to 21 months incarceration.  At that point the criminal proceedings against the defendant were terminated.

4.  The Property seized has no further value or use as evidence against its owner, the defendant, in any criminal proceeding against same and the United States Government and the United States Secret Service do not have any lawful right to the Property and the same must be returned to the defendant.

5. Since termination of the criminal proceedings, officers of the United States Government and the United States Secret Service have illegally detained, and continue to illegally detain, the Property and refuse to release and return the Property to its lawful owner the defendant, although duly demanded.

6.  No forfeiture or other proceeding has been instituted by the United States Government with respect to the Property.

In United States v. Wilson, 540 F.2d 1100, 176 U.S.App.D.C. 321 (1976), the court of appeals held that once the district court's need for the property described in the defendant's motion has terminated, the court has both the jurisdiction and the duty to return it.  If the government seeks to forfeit the property a proper

proceeding should be instigated for that purpose.

Wilson has been followed by the 3rd Circuit in United States v. Premises Known as 608 Taylor Avenue, 584 F.2d 1297 (3d Cir. 1978) - "The government may not by exercising its power to seize, effect a de facto forfeiture by retaining the property seized indefinitely." "[P]roperty used as evidence must be returned once the criminal proceedings to which it relates have terminated, unless it is then subject to forfeiture or other proceedings which shall be timely brought."  It has also been followed in United States v. Chambers, 192 F.3d 374 (3d Cir. 1999) - "If a motion for return of property is made while a crimnal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property... The burden shifts to the government when the criminal proceedings have terminated.  At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property. [internal citations omitted.]"  And in United States v. Bein, 214 F.3d 408 (3d Cir. 2000) - "It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture."

WHEREFORE, Defendant prays this honorable court for an Order directing that the United States Government and United States Secret Service return the Property to the defendant, or in the alternative initiate proper forfeiture proceedings, within ten (10) days of the disposition of this motion, and for such other relief as this court may deem just and proper.

Respectfully Submitted,

Dated: January 10, 2008

Jeremy Zielinski
Oneida Corr. Fac.
P.O. Box 4580
Rome, NY 13442-4580

## A T T A C H M E N T   A

The defendant is moving for the return of the following items of personal property, all of which were seized by agents of the United States Secret Service on October 28, 2004.  Control #'s refer to the Control # listed on the Inventory of Items Seized Pursuant to Search Warrant which was later issued.

| Qty. | Item Description | Control # |
|------|-----------------|-----------|
| 1 | Sony Vaio Laptop Computer with power cord | 1 |
| 1 | Canon portable Bubble Jetprinter with power cord | 2 |
| 1 | Inkjet Printer | 3 |
| 1 | GBC Heatseal H200 laminator Serial #PKT2229 | 4 |
| 1 | Plastic Card Cutter | 5 |
| 1 | HP Laptop Computer | 6 |
| 1 | Sony Vaio [laptop computer] model PCG-8QEL with power cord | 7 |
| 1 | Sennheiser Headphones HD497 | 9 |
| 1 | Black light | 10 |
| 1 | IPod 20GB digital music player | 11 |
| 1 | Canon digital Elph camera | 12 |
| 1 | Model MSR-206 Card reader | 14 |
| 1 | Linksys wireless broadband router | 15 |
| 1 | Laminate sleeves package | 19 |
| 1 | Map Source software | 21 |
| 2 | Black wallets | 22/26 |
| 1 | Sony memory stick duo adapter | 33 |
| 1 | Sony Vaio Laptop, serial #3001476 with power cord | 39 |
| 1 | Laminate, X-Acto blade, 2-sheet Autopak sandpaper pkg | 40 |
| 1 | HP laptop computer, serial #CND41305LC | 41 |